IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SERVICE COORDINATION, INC.,
    *Plaintiff*,

v.

SHARESSA BOARDLEY,
    *Defendant*.

Case No. 25-cv-103-ABA

**MEMORANDUM OPINION**

    Plaintiff Service Coordination, Inc. has moved for default judgment and a permanent injunction against Defendant Sharessa Boardley for trademark infringement and related claims. After being served, Ms. Boardley has not appeared in or defended this action. For the following reasons, the Court will grant default judgment and enter an injunction prohibiting Ms. Boardley from using the Service Coordination trademarks.

**I.    BACKGROUND**[1]

    Plaintiff is a Maryland non-profit corporation. ECF No. 1 ¶ 8. Since at least 2006, it has operated under and used the name "Service Coordination" in connection with case management services, coordinating legal, social, and medical care for patients. *Id.* ¶ 14. Its logo looks like this (*see id.* ¶ 23 & ECF No. 1-1 at 2):



---

[1] Given that Defendant has not appeared in this case and Plaintiff has filed a motion for a default judgment, the Court accepts as true the factual allegations in Plaintiff's complaint. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001).

Defendant operates a business that offers social services similar to Plaintiff's, coordinating clients' housing, medical, and benefit application needs. ECF No. 1 ¶ 27. Her business operates using the name "Service Coordination of Maryland." *Id.* ¶¶ 27, 30-31. In July 2024, Plaintiff began hearing from individuals who had worked or communicated with Ms. Boardley and were under the impression that Ms. Boardley was affiliated with Plaintiff. *Id.* ¶ 28. Plaintiff sent a cease-and-desist letter to Defendant and spoke with her via telephone in August 2024, but Defendant refused to stop using the Service Coordination name. *Id.* ¶ 30.

In September 2024, Defendant filed two trademark applications. One was for use of the word mark "Service Coordination of Maryland" in connection with housing services. *Id.* ¶ 31; ECF No. 1-4. The other application was for the following design mark, used in coordination with housing services:



ECF No. 1 ¶ 32; ECF No. 1-4.

Plaintiff sued in January 2025. The complaint brought five claims: trademark infringement pursuant to 15 U.S.C. § 1125(a) and Maryland common law; unfair competition pursuant to 15 U.S.C. § 1125(a) and Maryland common law; and cancellation of Defendant's trademark application pursuant to 15 U.S.C. § 1119. ECF No. 1 ¶¶ 35-73. Plaintiffs sought a permanent injunction ordering Defendant to stop using either of the marks she applied for and the <servicecoordinationofmd.com> domain, a finding that Defendant's trademark applications should be refused, and several forms for monetary damages. *Id.* at 14–15.

Defendant was served on March 25, 2025 by certified mail, after this Court approved that method of service. ECF Nos. 7, 10. Defendant never filed an answer, and has never filed an appearance or any other documents in this case. Plaintiff moved for entry of a default on May 9, and default was entered the same day. ECF Nos. 11, 14. Defendant did not respond to the default. Plaintiff moved for default judgment in September 2025. ECF No. 15. In the motion for default judgment, Plaintiff is only seeking a permanent injunction, and anticipates that, if the injunction is granted, it will not seek monetary damages. *Id.* at 7 n.2.

## II.     LEGAL STANDARD

Fed. R. Civ. P. 55(a) provides that "[w]hen a party . . . has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Rule 55(b) governs default judgments. Fed. R. Civ. P. 55(b)(1)–(2). In considering motions for a default judgment, "the court accepts as true the well-pleaded allegations in the complaint but must determine whether those allegations 'support the relief sought in this action.'" *Parrish v. Leithman*, 733 F. Supp. 3d 371, 373 (D. Md. 2024) (quoting *Ryan*, 253 F.3d at 780). Default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *Int'l Painters & Allied Trades Indus. Pension Fund v. Cap. Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013) (quoting *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

## III.    DISCUSSION

### A.    Liability

Plaintiff has brought claims for trademark infringement under state and federal law, unfair competition under state and federal law, and cancellation of a trademark

registration application. The legal test for Plaintiff's various claims is substantively the same. Plaintiff's claims are based on a common law claim to a trademark in the name Service Coordination. 15 U.S.C. § 1125 provides "a federal cause of action for trademark infringement" for unregistered marks. *Matal v. Tam*, 582 U.S. 218, 225 (2017). "To establish trademark infringement under the Lanham Act, a plaintiff must prove: (1) that it owns a valid mark; (2) that the defendant used the mark 'in commerce' and without plaintiff's authorization; (3) that the defendant used the mark (or an imitation of it) 'in connection with the sale, offering for sale, distribution, or advertising' of goods or services; and (4) that the defendant's use of the mark is likely to confuse consumers." *Rosetta Stone Ltd. v. Google, Inc.*, 676 F.3d 144, 152 (4th Cir. 2012) (quoting 15 U.S.C. § 1114(a), the federal provision for infringement of *registered* marks). "Courts in the Fourth Circuit apply [the] same test to evaluate claims" brought under section 1125(a), section 1114, and Maryland common law. *Original Dells, Inc. v. Soul 1 Ent. Grp.*, Case No. 23-cv-95-TDC, 2024 WL 4052818, at *7 (D. Md. Sept. 5, 2024), *report and recommendation adopted*, 2024 WL 4892587 (D. Md. Sept. 25, 2024). Additionally, "[t]he standards for asserting Lanham Act claims for trademark infringement and unfair competition based on the inappropriate use of a mark are largely the same." *JFY Props. II LLC v. Gunther Land, LLC*, Case No. 17-cv-1653-ELH, 2019 WL 4750340, at *15 (D. Md. Sept. 30, 2019). "A party claiming prior use of a trade or service mark may . . . seek to enjoin a defendant's use of its registered mark and cancel that defendant's registration of the mark under § 14 of the Lanham Act." *U.S. Search, LLC v. U.S. Search.com Inc.*, 300 F.3d 517, 523 (4th Cir. 2002).

    Plaintiff is entitled to default judgment on all of its claims because, assuming the truth of the complaint's allegations, the four elements of the *Rosetta Stone* test are met.

First, Plaintiff owns a valid common law mark. "At common law, trademark ownership is acquired by actual use of the mark in a given market." *Emergency One, Inc. v. Am. Fire Eagle Engine Co.*, 332 F.3d 264, 267 (4th Cir. 2003); *see also JFY Properties*, 2019 WL 4750340 at *16 (quoting *Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219 (9th Cir. 1996)) ("The standard test of ownership is priority of use."). Assuming the truth of the allegations in the complaint, Plaintiff has used SERVICE COORDINATION in connection with its services since 2006, which was over a decade before Defendant's use. ECF No. 1 ¶¶ 14–26. Plaintiff alleges that it used the mark as the name of its organization, as well as in advertising, literature, communications, and a domain name all associated with its services. *Id.* ¶ 23–26. Plaintiff's use of SERVICE COORDINATION established its common law ownership of the mark.

The second and third elements are also met. The complaint alleges that the Defendant used the SERVICE COORDINATION mark in commerce in connection with advertising her housing services. ECF No. 1 ¶¶ 27–34. This was without Plaintiff's authorization, as Plaintiff expressed in correspondence to Defendant. *Id.* ¶ 29–30.

Finally, assuming the truth of Plaintiff's complaint, Defendant's use of the SERVICE COORDINATION mark has caused actual confusion. To evaluate likelihood of confusion, courts in the Fourth Circuit look to a nine-factor test:

> (1) the strength or distinctiveness of the plaintiff's mark as actually used in the marketplace; (2) the similarity of the two marks to consumers; (3) the similarity of the goods or services that the marks identify; (4) the similarity of the facilities used by the markholders; (5) the similarity of advertising used by the markholders; (6) the defendant's intent; (7) actual confusion; (8) the quality of the defendant's product; and (9) the sophistication of the consuming public.

5

*George & Co. LLC v. Imagination Ent. Ltd.*, 575 F.3d 383, 393 (4th Cir. 2009). "Not every factor will always be weighted equally, and some factors may not be relevant in a given case." *Under Armour, Inc. v. Exclusive Innovations, Inc.*, Case No. 20-cv-3427-SAG, 2021 WL 2042320, at *4 (D. Md. May 21, 2021). Here, the most relevant factors weigh in favor of Plaintiff, assuming the truth of its allegations. The marks used are highly similar and share the same words ("Service Coordination"); Plaintiff and Defendant use the marks for similar social services; and both use the marks in URLs and communications associated with the entities. And Plaintiff has alleged actual confusion, as evidenced by the customers who have reported confusion between Plaintiff's and Defendant's services. *Id.* ¶¶ 27–28; *see also Resorts of Pinehurst, Inc. v. Pinehurst Nat. Corp.*, 148 F.3d 417, 423 (4th Cir. 1998) (characterizing evidence of actual confusion as "the best evidence of likely confusion"). Plaintiff's complaint alleges sufficient facts to show likelihood of confusion.

In summary, the allegations in the complaint, when assumed to be true, establish all the elements of Plaintiff's trademark infringement and unfair competition claims. Plaintiff is entitled to default judgment as to liability.

    **B.**    **Remedy**

Plaintiff's default judgment motion only seeks injunctive relief, not damages. ECF No. 15 at 7 n.2 ("Plaintiff anticipates that upon the entry of the requested Permanent Injunction it will dismiss all remaining claims for" monetary damages). The Lanham Act empowers district courts to issue injunctions to prevent further violation of plaintiffs' trademark rights. 15 U.S.C. § 1116(a). "A party seeking a permanent injunction must demonstrate 'actual success' on the merits." *Mayor of Baltimore v. Azar*, 973 F.3d 258, 274 (4th Cir. 2020). This requirement is satisfied by default judgment, and courts

6

regularly issue permanent injunctions following default judgment in trademark infringement cases. *See, e.g.*, *Entrepreneur Media, Inc. v. JMD Ent. Grp., LLC*, 958 F. Supp. 2d 588, 596 (D. Md. 2013); *Christian Sci. Bd. of Directors of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 219 (4th Cir. 2001) (affirming a district court's order denying Defendants' motion to stay an injunction following default judgment for trademark infringement liability); *Legacy Inv. & Mgmt., LLC v. Susquehanna Bank*, Case No. 12-cv-2877-WDQ, 2014 WL 836077, at *4 (D. Md. Feb. 28, 2014) ("When the district court grants default judgment on a trademark infringement claim, it may also grant a permanent injunction."). For an injunction to issue, even after showing success on the merits, a Plaintiff must also demonstrate "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Entrepreneur Media,* 958 F. Supp. 2d at 596. "The decision to grant or deny permanent injunctive relief is an act of equitable discretion by the district court." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Considering these factors, the Court will enter Plaintiff's requested injunction. The Lanham Act creates a presumption of irreparable harm once a Plaintiff has shown a violation of trademark rights. 15 U.S.C. § 1116(a); *see also Under Armour*, 2021 WL 2042320, at *6 ("The federal statute specifically provides that a plaintiff is 'entitled to a rebuttable presumption of irreparable harm upon a finding of a violation.' This recent amendment to the Lanham Act was meant to codify the presumption already recognized by many courts in trademark infringement cases."). Because the Court has entered

default judgment based on Defendant's violation of Plaintiff's common law trademark rights, Plaintiff is entitled to a presumption of harm, and factor 1 is satisfied. *See id.* (applying the statutory presumption in a trademark default judgment case). As to factor 2, "[w]here the defendant fails to participate in the litigation, there is a threat of continued infringement, and monetary damages are not sufficient." *Id.*; *see also Entrepreneur Media*, 958 F. Supp. 2d at 596 (finding that factor 2 favored a permanent injunction because "Defendants' utter lack of response signals a threat of continued infringement"). As Defendant has not appeared in this case and has continued to use Plaintiff's trademark, monetary remedies are not sufficient. As to the balance of hardships and the public interest, "Defendant's continued use of [Plaintiff's] mark . . . clearly tips the balance of hardships against Plaintiff[]" and "there is greater public benefit in securing the integrity of [Plaintiff's] mark than in allowing Defendant to continue to use the mark in violation of [Plaintiff's] rights." *Innovative Value Corp. v. Bluestone Fin., LLC*, Case No. 2009-cv-111-DKC, 2009 WL 3348231, at *3 (D. Md. Oct. 15, 2009). Factors 3 and 4 also counsel for issuing the permanent injunction Plaintiffs seek.

### IV.   CONCLUSION

For the reasons above, the Court will grant Plaintiff's motion for default judgment, enter judgment in favor of Plaintiff, and enter an injunction against Defendant in the accompanying order.

Date:  January 15, 2026                         _____/s/_____
                                                Adam B. Abelson
                                                United States District Judge